# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## BANKRUPTCY DIVISION
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| | : Case No. 06-30009 |
| JEFFREY J. PROSSER, | : |
| | : |
| Debtor. | : |
| | : |
| | : |
| OAKLAND BENTA, JEFFREY J. PROSSER, | : Adv. Pro. 3:21-ap-03001 (MFW) |
| AND DAWN E. PROSSER, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| CHRISTIE'S INC., CHARLES ANTIN, FOX | : |
| ROTHSCHILD LLP, YANN GERON, WILLIAM | : |
| H. STASSEN, DAVID M. NISSMAN, JAMES P. | : |
| CARROLL, | : |
| | : |
| Defendants. | : |

## OMNIBUS REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. BANKR. P. 7012

**FOX ROTHSCHILD LLP**
Elizabeth C. Viele (admitted *pro hac vice*)
101 Park Avenue, Suite 1700
New York, NY 10178
*Attorneys for Fox Rothschild LLP, Yann Geron, William H. Stassen, and James P. Carroll*

**HUNTON ANDREWS KURTH LLP**
Rachel E. Hudgins (Bar No. R2075)
Joseph Patella
200 Park Avenue, 52nd Floor
New York, NY 10166
*Attorneys for Christie's Inc., Charles Antin and David M. Nissman*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................... 1

I.    Plaintiffs Fail To Oppose, Or Even Acknowledge, Any Of Defendants' Arguments
      That Plaintiffs Have Failed To State A Claim For Relief................................... 1

II.   Plaintiffs' Procedural Arguments In Opposition to the Motion to Dismiss Should Be
      Rejected...................................................................................................... 3

      A.    By Choosing to File a Complaint with this Court, Plaintiffs are Subject to this
            Court's Jurisdiction and an Adjudication of the Present Motion to Dismiss.......... 3

      B.    The Underlying Bankruptcy is Not a "No Asset" Case ........................................ 6

      C.    Plaintiffs Have Failed to Rebut Defendants' Judicial Immunity ........................... 8

      D.    Plaintiffs Have Set Forth No Valid Opposition to Defendants' Statute of
            Limitations Defenses ........................................................................... 10

            i.    28 U.S.C. § 1367(d) Does Not Apply to Plaintiffs' Claims .................... 10

            ii.   Plaintiffs' Claims Are Not Subject to the Benefit of Equitable Tolling ... 11

      E.    Plaintiffs Have Set Forth No Valid Opposition to Defendants' Collateral
            Estoppel Defenses ............................................................................... 12

III.  The Court Must Ignore the New Issues Plaintiffs Raised That Are Not set forth in the
      Complaint.................................................................................................... 12

CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackerman v. Wolff*,
    2019 WL 1055736 (D.N.J. Mar. 6, 2019)..................................................................8

*Alvarez v. BI Inc.*,
    No. CV 16-2705, 2018 WL 2288286 (E.D. Pa. May 17, 2018) ...............................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................2

*Augustin v. Hess Oil Virgin Islands Corp.*
    2017 WL 3614263, 67 V.I. 488 (V.I. Super. Ct. August 23, 2017)..........................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................2

*Bolden v. Nat'l Fin. Servs. LLC*,
    2005 WL 8175134 (D.N.J. May 23, 2005) .............................................................12

*CGL, LLC v. Schwab*,
    597 F. App'x 104 (3d Cir. 2015)..............................................................................4

*Connelly v. Lane Const. Corp.*,
    809 F.3d 780 (3d Cir. 2016)......................................................................................2

*In re DGI Servs., LLC*,
    2017 WL 3314225 (Bankr. D.N.J. June 26, 2017) ...............................................4, 5

*Feibush v. Johnson*,
    No. CV 17-3134, 2018 WL 347545 (E.D. Pa. Jan. 9, 2018) ...................................12

*Hammond v. City of Philadelphia*,
    No. CIV. A. 00-5082, 2001 WL 823637 (E.D. Pa. June 29, 2001)........................12

*Lynch v. Jacobs*,
    No. CV 20-182 (MN), 2021 WL 602439 (D. Del. Feb. 16, 2021) ...........................8

*In re Maya Restaurants, Inc.*,
    585 B.R. 761 (Bankr. W.D. Pa. 2018) .....................................................................8

*In re Millennium Lab Holdings II, LLC*,
    575 B.R. 252 (Bankr. D. Del. 2017) .........................................................................6

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
    38 F.3d 1380 (3rd Cir. 1994) ...............................................................................10

*Phoenician Mediterranean Villa, LLC v. Lisa M. Swope, Esquire, Tr. of the*
    *Bankr. Estate of J&S Props., LLC*,
    872 F.3d 138 (3rd Cir. 2017) ...........................................................................7, 8, 9

*In re Rambo*,
    297 B.R. 418 (Bankr. E.D. Pa. 2003) ..................................................................6

*In re VistaCare Grp., LLC*,
    678 F.3d 218 (3d Cir. 2012)..................................................................................5

*Williams v. City of Allentown*,
    804 F. App'x 164 (3d Cir. 2020) ........................................................................12

## Statutes

11 U.S.C. § 363 ...................................................................................................6

18 U.S.C. § 3057(a) ...........................................................................................12

28 U.S.C. § 1367(d) ......................................................................................9, 10

RICO ...........................................................................................................1, 2, 11

## Other Authorities

Fed. R. Bankr. P. 7012...........................................................................................1

Federal Rules of Civil Procedure ............................................................... *passim*

Defendants Christie's Inc., Charles Antin, Fox Rothschild LLP, Yann Geron, William H. Stassen, David M. Nissman and James P. Carroll ("Defendants"), by their attorneys Fox Rothschild LLP and Hunton Andrews Kurth LLP, submit this reply memorandum of law in further support of their Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Bankr. P. 7012 (the "Motion to Dismiss").[1]

## ARGUMENT

### I.    PLAINTIFFS FAIL TO OPPOSE, OR EVEN ACKNOWLEDGE, ANY OF DEFENDANTS' ARGUMENTS THAT PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF

Plaintiffs' opposition unsuccessfully attempts to rebut Defendants' arguments concerning judicial immunity, expiration of the statute of limitations, and collateral estoppel.  Yet, even if Plaintiffs' contentions (only responding to a few of Defendants' arguments) arguendo had merit, dismissal is still warranted because Plaintiffs nevertheless failed to state any claim for relief.  Indeed, Plaintiffs' opposition completely ignores each of the substantive arguments that Defendants set forth for dismissal of Plaintiffs' claims.  This Court should therefore deem all of these arguments unopposed and fully dismiss this action with prejudice.

Rule 8 of the Federal Rules of Civil Procedure ("Federal Rules") requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief" as well as "a demand for the relief sought."  For fraud-based claims, like Plaintiffs' RICO cause of action, Federal Rule 9 requires that "a party must state with particularity the circumstances constituting fraud or mistake."  These pleading standards "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and threadbare recitals of a cause of action, supported by mere

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Defendants' Omnibus Memorandum Of Law In Support Of Motion To Dismiss Complaint, dated November 2, 2021 [DE 34].

conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege "plausible grounds to infer" that claims rise "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Third Circuit articulated in *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016), under the pleading standards established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* at 787 (quoting *Iqbal*, 556 U.S. at 675). Here, for each and every cause of action identified in Plaintiffs' Complaint, Plaintiffs fall woefully short of alleging the necessary elements to sustain such claims.

In their Omnibus Memorandum of Law in support of the Motion to Dismiss, Defendants demonstrate that Plaintiffs failed to meet the following elements of each claim, *all of which are unopposed in Plaintiffs' opposition*:

RICO

- Failure to allege a cognizable injury to business or property;
- Failure to allege that any such injury (assuming one even existed) was caused by Defendants;
- Failure to allege that Defendants conducted or participated in the affairs of some type of enterprise;
- Failure to allege that Defendants engaged in a pattern of racketeering activity; and
- Failure to allege the existence of a conspiracy to engage in a RICO offense.

CICO

- Failure to allege a cognizable injury to business or property;
- Failure to allege that Defendants conducted or participated in the affairs of some type of enterprise; and
- Failure to allege the existence of a conspiracy to engage in a RICO offense.

Section 1985

- Failure to allege that Defendants prevented Benta from performing his duties or had anything to do with his termination;
- Failure to allege the existence of a conspiracy among Defendants to perform any such acts;

2

- Failure to allege that Defendants intimidated Benta or otherwise prevented him from testifying freely; and
- Failure to allege the existence of a conspiracy among Defendants to perform any such acts.

<u>Defamation</u>

- Failure to allege that Defendants made a false and defamatory statement about Plaintiffs; and
- Failure to allege that any such statement (assuming one was even made) caused Plaintiffs any special harm.

Accordingly, as Plaintiffs did not and cannot refute any of the foregoing points that Defendants established in their Motion to Dismiss, this Court is permitted to accept all of them as unopposed. "Of course, a motion is not automatically granted simply because it is unopposed…. courts must still determine whether to grant it." *See Augustin v. Hess Oil Virgin Islands Corp.* 2017 WL 3614263, 67 V.I. 488, 501 (V.I. Super. Ct. August 23, 2017). Here, as discussed in detail in their Memorandum of Law, all of Defendants' arguments for dismissal are well-supported as a matter of law. Accordingly, the entirety of Plaintiffs' Complaint should be dismissed with prejudice.

## II.  PLAINTIFFS' PROCEDURAL ARGUMENTS IN OPPOSITION TO THE MOTION TO DISMISS SHOULD BE REJECTED

### A.  By Choosing to File a Complaint with this Court, Plaintiffs are Subject to this Court's Jurisdiction and an Adjudication of the Present Motion to Dismiss

Plaintiffs made the conscious decision to file the Complaint in the Bankruptcy Court. In the Complaint, Plaintiffs expressly set forth the basis of this Court's jurisdiction, stating:

> Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), this Court has original, nonexclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. By reason of 18 U.S.C. § 1964 and 28 U.S.C. § 157(a), this Court has jurisdiction over actions arising under the RICO Act. Additionally, this Court has pendent jurisdiction over actions arising under the CICO Act, 14 V.I.C. § 600, et seq. The exercise of pendent jurisdiction over CICO actions is supported by the CICO Act itself which defines prohibited activity broadly to encompass

3

violations of any Federal law which is a felony, thereby making the interpretation of Federal law necessary to the adjudication of the CICO claim. Additionally, 14 V.I.C. § 607(a) of the CICO Act and 28 U.S.C. § 157(a), taken together, authorizes this Court to exercise jurisdiction over this action.

Faced with the Motion to Dismiss and contradicting the jurisdictional statement in their own pleading, Plaintiffs now attempt to argue that this Court is "wanting" for subject matter jurisdiction over the action. *See* Plaintiffs' Opposition, p. 7. Plaintiffs argue that they are only seeking a "finding in this Court that the Complaint is 'not without foundation,'" rather than attempting to adjudicate the Complaint in this Court. *Id.* This argument is a fallacy obviously designed to avoid this Court's resolution of the Motion to Dismiss.

Plaintiffs did not file a *Barton* motion–a motion for leave to file the instant Complaint in a different forum–but instead commenced an adversary proceeding in *this Court* by filing the Complaint. Plaintiffs cannot now escape this Court's resolution of the instant Motion to Dismiss by stating they are simply seeking a "finding" of "not without foundation" by this Court. If Plaintiffs were only seeking such a finding, presumably to pursue their baseless claims in a separate court, then the necessary course would have been to file a motion for leave to do so. *See, e.g.*, *In re DGI Servs., LLC*, 2017 WL 3314225, at *1 (Bankr. D.N.J. June 26, 2017) ("Before the Court is the Motion [ ] of Great Northern Insurance Company [ ] for leave under the Barton Doctrine to file a counterclaim and third-party complaint against the Trustee, Linda McMackin, and her agents[.]"); *see also CGL, LLC v. Schwab*, 597 F. App'x 104, 107 (3d Cir. 2015) (Plaintiff granted leave by Bankruptcy Court to file suit in Court of Common Pleas). !!

Plaintiffs' after-the-fact claim that they are now only seeking a finding that their Complaint has foundation is further untenable because the instant Motion to Dismiss requires the Court to engage in a more stringent review of Plaintiffs' Complaint than it would have if Plaintiffs were

merely seeking leave to file suit under *Barton*, which they are not. *In re VistaCare Grp., LLC,* 678 F.3d 218, 235 (3d Cir. 2012) (stating that a party proposing to sue a trustee must make out a prima facie case against the trustee, showing that its claim is "not without foundation," and noting that that standard involves a greater degree of flexibility than the Rule 12(b)(6) motion to dismiss standard) (internal citation and quotation marks omitted); *In re DGI Servs., LLC*, 2017 WL 3314225, at *3 (holding that "the 'not without foundation' standard is similar to the standard under a motion to dismiss, but has a 'greater degree of flexibility.'"). As Plaintiffs are faced with opposing a motion to dismiss, they cannot benefit from the more flexible "not without foundation" standard and must demonstrate that they have stated a claim for relief as a matter of law. As discussed in Point I, Plaintiffs have not and cannot make such a showing, and their Complaint should be dismissed. Further, Plaintiffs' inability to counter any of the substantive arguments why they failed to state a viable claim established that Plaintiffs could not meet even a more flexible standard.

Plaintiffs made the affirmative choice to commence the instant adversary proceeding in this Court and must now allow for their claims to be adjudicated on the Motion to Dismiss. Plaintiffs had the choice to file a motion for leave to commence this action in the District Court. Instead, they purposefully chose not to file such a motion before they first filed their Complaint in the District Court; after a motion was filed in this Court raising the Barton Doctrine; and when they chose to file an Amended Complaint in the District Court. Then, they filed the Complaint in the same court which they now argue cannot adjudicate their claims. They have had multiple opportunities to seek leave, and never did so. Plaintiffs' evasive procedural gamesmanship should not be countenanced by this Court.

### B.    The Underlying Bankruptcy is Not a "No Asset" Case

In addition to claiming that this Court lacks subject matter jurisdiction, Plaintiffs further challenge this Court's jurisdiction on the ground that the 2011 Turnover Order, which required the Prossers to turn over their wine collection, including the Shoys Wines, to the Trustee, was void.

While scattered and difficult to comprehend, Plaintiffs argue essentially that one of the Prosser's creditors (Greenlight) has a $138 million dollar judgment against Mr. Prosser and therefore, has a lien over all Chapter 7 assets, which they argue means that the bankruptcy is (and was, since 2010),[2] a "no distribution/dividend" or "no-asset" case. *See* Plaintiffs' Opposition, pp. 8, 21, 35. Although Plaintiffs offer no confirmation that such a lien actually exists, they contend that, as a result, the Bankruptcy Court had no jurisdiction to issue the Turnover Order in 2011, and does not have jurisdiction over this present adversary proceeding. *See* Plaintiffs' Opposition, pp. 36-37.

As a preliminary matter, Plaintiffs did not timely appeal the Turnover Order, entered over eleven years ago on February 9, 2011. Therefore, Plaintiffs' present argument challenging the validity of the Turnover Order has been waived and forfeited. *See, e.g., In re Millennium Lab Holdings II, LLC*, 575 B.R. 252, 256 (Bankr. D. Del. 2017) (holding that party "forfeit[ed] and/or waive[d] any argument that [the court] did not have constitutional adjudicatory authority to enter the confirmation order by not raising it at the confirmation hearing or at any time prior to entry of the order confirming the plan"). Furthermore, in their Complaint, Plaintiffs even rely on the Turnover Order, acknowledging that it provided Defendants a minimum "Lawful Charge" to pick up the Shoys Wines. See Complaint, ¶ 36.

---

[2] Plaintiffs assert that, in 2010, Prosser's most valuable asset, ICC, was sold to the Rural Telephone Finance Cooperative. *See* Plaintiffs' Opposition, p. 9.

In any event, the Court should disregard Plaintiffs' claim that the Turnover Order is invalid because Plaintiffs offer no support for their contention that this is a "no asset case." Plaintiffs' Opposition, p. 9. As set forth in the 2014 Trustee's Interim Report and Accounting (the "2014 Accounting"), even after the ICC sale in 2010, the Trustee was actively engaged in the sale of estate property and in prosecuting various actions for the benefit of unsecured creditors,[3] including but not limited to:

- The sale of the Palm Beach Property[4] in May 2011 for $6.9 million;

- The sale of wines belonging to the estate in May and June 2011 for $623,661;

- The prosecution and settlement of the Preference Actions for $1.167 million;

- The enforcement of the Klingerman Judgment for $461,036;

- The sale of artwork in February, May and November 2012 for $686,625;

- The sale of jewelry in October 2013 for $241,083; and

- The sale of home furnishings from the Lake Placid Property for $322,722 in March 2014 and from the Palm Beach Property for $394,580.

*See* 06-bk-30009, DE 4410. Accordingly, as this proceeding cannot be characterized as a "no asset" or "no distribution" case, Plaintiffs have failed to demonstrate that this Court lacked the jurisdiction to enter the Turnover Order.

---

[3] In this regard, Plaintiffs cannot show that the Trustee has failed to act for the benefit of the Chapter 7 estate. *See In re Rambo,* 297 B.R. 418, 433 (Bankr. E.D. Pa. 2003) ("A chapter 7 trustee is usually regarded as the representative of a debtor's unsecured creditors and is to use the powers granted him by the Bankruptcy Code for the benefit of those creditors. A trustee may sell a debtor's property under 11 U.S.C. § 363, but generally only to benefit the unsecured creditors, i.e., when 'the sale proceeds will fully compensate secured lienholders and produce some equity for the benefit of the bankrupt's estate.'").

[4] All capitalized terms listed in the bullet points have the meaning ascribed to them in the 2014 Accounting.

## C.    Plaintiffs Have Failed to Rebut Defendants' Judicial Immunity

Plaintiffs have set forth no legitimate defense to Defendants' arguments that they are immune from suit since – as the District Court already found – they were acting within the scope of their professional duties.  All that Plaintiffs argue is that Defendants cannot enjoy the benefit of "absolute immunity" under *Phoenician Mediterranean Villa, LLC v. Lisa M. Swope, Esquire, Tr. of the Bankr. Estate of J&S Props., LLC*,  872 F.3d 138 (3rd Cir. 2017).

Even assuming *arguendo* that Defendants are only subject to qualified immunity,[5] Plaintiffs' claims would still fail.  The bankruptcy court in *Swope* determined that a trustee's actions in changing the lock on certain estate real property to gain access to water-damaged areas was not *ultra vires*, even though that action was taken absent court order.  *See* 545 B.R. at 107-08. Finding that there was "no credible evidence permitting any plausible inference that [the trustee] engaged in any fraudulent conduct, or that she acted with any malice or ulterior motive," the court held that the trustee was protected by qualified immunity for "exercising her business judgment" with respect to her duty to secure and preserve estate property. *Id*. at 108.   The Third Circuit affirmed this holding.  872 F.3d 138.

*Swope* is one of many cases wherein trustees have been afforded immunity from suit under the still-expansive bounds of qualified immunity.  *See, e.g.*, *Lynch v. Jacobs*, No. CV 20-182 (MN), 2021 WL 602439, at *8 (D. Del. Feb. 16, 2021) (citing *Swope* and holding that "[g]iven that the Trustee was acting in compliance with and pursuant to the Delaware Bankruptcy Court's Modified Confirmation Order, the Bankruptcy Court correctly determined that the Trustee is immune from any suit brought by Appellants."); *Ackerman v. Wolff*, 2019 WL 1055736, at *2 (D.N.J. Mar. 6,

---

[5] Plaintiffs have not demonstrated that the absolute immunity afforded to professionals, when acting pursuant to an order of court, was abandoned by the Third Circuit in *Swope*.

2019) ("If the claims were to go forward, they would then face the barrier of the bankruptcy

trustee's qualified immunity from suit [citing *Swope*]. Nothing in the Complaint suggests a basis

for finding that the trustee's actions violated clearly established law, and indeed the circumstances

suggest only that the trustee's actions were ordered or ratified by the bankruptcy court."); *In re

Maya Restaurants, Inc.*, 585 B.R. 761, 772 (Bankr. W.D. Pa. 2018)  ("[A] trustee enjoys qualified

immunity from liability for civil damages provided that her conduct did not violate clearly

established statutory or constitutional rights.").

Moreover, Plaintiffs' attempt to minimize the force of qualified immunity is belied by the

Third Circuit's holding in *Swope*:

> Qualified immunity, 'properly applied, ... protects all but the plainly incompetent
> or those who knowingly violate the law.' . . .  To overcome qualified immunity, a
> plaintiff must plead facts 'showing (1) that the official violated a statutory or
> constitutional right, and (2) that the right was "clearly established" at the time of
> the challenged conduct.' . . .  And an official's conduct violates clearly established
> law if 'there [is] sufficient precedent at the time of action, factually similar to the
> plaintiff's allegations, to put defendant on notice that ... her conduct is
> constitutionally prohibited.' . . . Such precedent must come either from the Supreme
> Court or a 'robust consensus of cases of persuasive authority' in the Court of
> Appeals.

*In Re: J & S Properties, LLC*, 872 F.3d at 143.  As discussed in the Motion to Dismiss, Defendants'

actions were taken for the purpose of collecting estate property, consistent with the Trustee's

statutory duties.  There have been no findings by this Court or the District Court that any of the

Defendants engaged in any fraudulent conduct.  To the contrary, the Prossers articulated their

theories of misconduct to this Court, which soundly rejected them in the Wine Sanctions Opinion.

Further, the District Court dismissed Plaintiffs' Complaint and Amended Complaint because the

conduct as alleged against Defendants was not ultra vires.  Plaintiffs have set forth no arguments

to oppose this, other than to belatedly argue that the Turnover Order was somehow "void," which, as explained *supra*, should be rejected by this Court.[6]

### D.    Plaintiffs Have Set Forth No Valid Opposition to Defendants' Statute of Limitations Defenses

Plaintiffs are keenly aware that their claims are time-barred by virtue of each claim's respective statute of limitations.    The Court should disregard their attempts to rescue their irrefutably untimely claims.

### i.    28 U.S.C. § 1367(d) Does Not Apply to Plaintiffs' Claims

Plaintiffs argue that their claims are not time barred by virtue of 28 U.S.C. § 1367(d).  *See* Plaintiffs' Opposition, p. 29.  In doing so, Plaintiffs attempt to expand the applicability of §1367 beyond its terms, and in a way that no other federal court has ever done.  Section 1367(d) limitedly operates to toll state law claims' statutes of limitation where a plaintiff asserts a state law claim in federal court under the federal court's supplemental jurisdiction, and the federal court later declines jurisdiction over it.  This tolling allows for the plaintiff to pursue the state law claim once again in state court after dismissal by the federal court.

Plaintiffs ask this Court to expand § 1367(d), arguing that it should operate to have tolled all of Plaintiffs' state *and* federal claims, while they were pending in the District Court, and permitting them to reassert those claims in another federal court despite being unquestionably time barred.  A plain reading of the statute, and the countless cases applying it, makes clear that Plaintiffs are proposing an application of § 1367(d) that is improper and unprecedented.

---

[6] Moreover, Plaintiffs have raised no opposition to Defendants' argument that they are separately entitled to judicial immunity.

ii.    **Plaintiffs' Claims Are Not Subject to the Benefit of Equitable Tolling**

Plaintiffs also argue that their claims are subject to equitable tolling and therefore are not time-barred. *See* Plaintiffs' Opposition, p. 29-31. Relying upon *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3rd Cir. 1994), Plaintiffs argue that their claims were equitably tolled because they "timely asserted [their claims] but in the wrong forum." This is false. Instead, Plaintiffs chose to improperly pursue claims in the District Court without seeking this Court's permission – all in violation of the *Barton* doctrine. Plaintiffs failed to exercise the necessary due diligence in preserving their claims to benefit from equitable tolling, ignoring a number of opportunities to preserve their claims in this Court. For example, when Plaintiffs first filed their Complaint in the District Court on July 29, 2013, they were immediately put on notice by Defendants' motion to dismiss that their claims were asserted in a court with no subject matter jurisdiction. *Benta v. Christie's, Inc.*, Civil No. 13-00080, DE 9-10. Plaintiffs could have and should have responded by refiling their claims in this Court by, at the very latest, the end of 2013 or sought a tolling agreement. Instead, Plaintiffs made the strategic decision to avoid this Court and to only assert their claims in the District Court. After the District Court dismissed their Complaint, Plaintiffs did not "mistakenly" file the District Court Amended Complaint. They again made the purposeful and strategic decision to avoid this Court. Plaintiffs' informed decision to not preserve their claims in this Court precludes an equitable tolling of the statute of limitations. *See, e.g.*, *Alvarez v. BI Inc.*, No. CV 16-2705, 2018 WL 2288286, at *15 (E.D. Pa. May 17, 2018) ("But the passage of time while a conditional certification motion is under consideration is, unfortunately, not 'extraordinary,' but rather a routine aspect of litigation.").

Plaintiffs separately argue that their claims were equitably tolled because "Defendants are continuing the breach of their duty of disclosure" and because this is a RICO case "involving a continuing pattern of acts." *See* Plaintiffs' Opposition, p. 31. However, Plaintiffs do not explain,

11

either in their Complaint or in their opposition, how the acts complained of in the Complaint are deemed continuous and operate to toll their claims. Rather, as explained in the Motion to Dismiss, the conduct forming the basis of Plaintiffs' stale claims is irrefutably confined to the year 2011. *See* Motion to Dismiss, p. 34.

### E.    Plaintiffs Have Set Forth No Valid Opposition to Defendants' Collateral Estoppel Defenses

Plaintiffs offer no opposition to Defendants' argument that the Complaint is subject to collateral estoppel. Plaintiffs have not, and cannot, dispute that the factual premises underlying their entire Complaint have already been adjudicated in the Wine Sanctions Opinion. The only semblance of an opposition Plaintiffs set forth is to argue that Plaintiff Benta was not a plaintiff to the action giving rise to the Wine Sanctions Opinion and therefore cannot be collaterally estopped. First, this argument should operate as a concession by Plaintiffs that collateral estoppel applies to the remaining Plaintiffs. Second, Plaintiff Benta only sets forth claims under Section 1985 and defamation. As explained *supra*, Plaintiffs have completely failed to state either of these claims and offered literally no defense in their opposition.

## III.    THE COURT MUST IGNORE THE NEW ISSUES PLAINTIFFS RAISED THAT ARE NOT SET FORTH IN THE COMPLAINT

Plaintiffs have made new allegations of fact in their opposition that are not contained in their Complaint. The Court should therefore disregard these allegations out of hand. First, Plaintiffs allege that there was some sort of "conspiracy to embezzle Cognac from the Shoys Wines."[7]  *See* Plaintiffs' Opposition, p. 5. Second, Plaintiffs claim for the first time that the Trustee

---

[7] Plaintiffs state that this "matter" came to their attention while preparing the opposition, yet they base this claim on a purported email dated July 6, 2011, over ten years ago, that is not attached as an exhibit. Furthermore, Plaintiffs readily admit the vagueness of this purported email. *See* Plaintiffs' Opposition, p. 5 ("Plaintiffs cannot know with specificity who was referenced by the term 'they.'"). In yet another desperate attempt to create a question of fact where one does not exist, Plaintiffs' further make the baseless contention that Christie's "admi[tted] that it intended

violated 18 U.S.C. § 3057(a) by failing to report Antin's allegedly false testimony to the United States Attorney.[8]  It is settled law that a party cannot rely on new allegations of fact outside a pleading in opposing a motion to dismiss.  *See Williams v. City of Allentown*, 804 F. App'x 164, 167 (3d Cir. 2020) ("On a motion to dismiss, we 'consider[ ] only the allegations contained within the four corners of [the] complaint.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009)); *Feibush v. Johnson*, No. CV 17-3134, 2018 WL 347545, at *1 (E.D. Pa. Jan. 9, 2018) ("[T]hese facts are outside of the four corners of the Complaint and therefore not properly considered in a motion to dismiss."); *Bolden v. Nat'l Fin. Servs. LLC*, 2005 WL 8175134, at *6 (D.N.J. May 23, 2005) (noting that a plaintiff "cannot rely on new facts not alleged in their Complaint to defeat a motion to dismiss"); *Hammond v. City of Philadelphia*, No. CIV. A. 00-5082, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.").

Separately, these new allegations of fact (even if they were asserted within their Complaint) would have no bearing on the multiple arguments Defendants have set forth compelling dismissal of the Complaint.[9]  For these reasons, Plaintiffs' new allegations of fact must be ignored by the Court in deciding the Motion to Dismiss.

---

to destroy the Shoys Wines." *Id.*, p. 40.  Plaintiffs incorrectly claim that this admission was contained in the Trustee's Contempt Motion, which this Court fully decided.

[8] Even if this argument is available to Plaintiff in opposing the present motion, and it is not, Plaintiffs admit that "Judge Fitzgerald excused Mr. Antin's perjury", *see* Plaintiffs' Opposition, p. 3, but fail to indicate the reason – because Mr. Antin's testimony was in no way perjurious.

[9] Accordingly, Plaintiffs' request for an evidentiary hearing on matters that have already been decided should be rejected.

**<u>CONCLUSION</u>**

For all the forgoing reasons and for the reasons set forth in the Motion to Dismiss, the

Court should dismiss the Complaint with prejudice and order any other relief the Court

determines is appropriate.

Dated: April 18, 2022                    Respectfully submitted,

/s/ Elizabeth C. Viele
**FOX ROTHSCHILD LLP**
Elizabeth C. Viele (admitted pro hac vice)
101 Park Avenue, Suite 1700
New York, NY 10178

and

/s/ Scot McChain
**MCCHAIN HAMM & ASSOCIATES, LLC**
5030 Anchor Way, Ste. 13
Christiansted, VI 00820

*Attorneys for James P. Carroll, Fox Rothschild
LLP, Yann Geron, and William H. Stassen*

/s/ Rachel E. Hudgins
**HUNTON ANDREWS KURTH LLP**
Rachel E. Hudgins (Bar No. R2075)
Joseph Patella
200 Park Avenue, 52nd Floor
New York, NY 10166

*Attorneys for Christie's, Inc., Charles Antin
and David M. Nissman*